NO. 4:26-CV-00071

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**BRADLEY JAMES WILCOX, Plaintiff,**

**v.**

**THE STATE OF TEXAS, acting through theCOLLIN COUNTY DISTRICT ATTORNEY'S OFFICE, MELISSA POLICE DEPARTMENT, COLLIN COUNTY SHERIFF'S OFFICE, DETECTIVE BRITTANY TUPA, ASSISTANT DISTRICT ATTORNEY PAIGE TEST, JUDGE BARNETT WALKER, HON. RAY WHELESS, KEITH HICKS, JON O'TOOLE, Defendants.**

**FILED**

APR 17 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**REQUIRED 90-DAY STATUS UPDATE-COMPREHENSIVE REPORT ON STATE CRIMINAL PROCEEDINGS, SYSTEMATIC RECORD SPOLIATION, AND RETALIATORY CONDUCT**

**TO THE HONORABLE MAGISTRATE JUDGE JOHN D. LOVE:**

COMES NOW, Plaintiff Bradley James Wilcox, appearing pro se, and respectfully submits this **Comprehensive 90-Day Status Update** pursuant to this Court's **Order of Administrative Closure entered January 21, 2026**, and the Court's instruction for status reporting every 90 days.

**I. EXECUTIVE SUMMARY: THE STATE'S BAD-FAISHT HARASSMENT CAMPAIGN**

Since this Court's administrative closure, the State of Texas—through the Collin County District Attorney's Office, Melissa Police Department, and County Court at Law No. 2—has engaged in a **concerted pattern of constitutional violations, evidence destruction, and retaliatory prosecution designed** to:

- Shield unconstitutional arrest and void process from federal scrutiny;

- Destroy evidence necessary for this § 1983 action through systematic tampering with the **Tyler Technology Odyssey electronic filing system**;

- Retaliate against Plaintiff for invoking federal jurisdiction by accelerating hearings, ordering sham competency evaluations, and falsifying court records;

- Prevent dismissal of the constitutionally defective criminal case (Cause No. 002-80558-2026) to avoid triggering reopening of this federal action.

**II. PROCEDURAL POSTURE OF STATE PROCEEDINGS**

1. **Underlying Criminal Case:** Cause No. 002-80558-2026, County Court at Law No. 2, Collin County ( misdemeanor harassment under Texas Penal Code § 42.07(a)(7)).

2. **Current Status:** Pending interlocutory appeal before the **Fifth Court of Appeals** (Cause No. 05-26-00504-CR), seeking reversal of a *void ab initio* competency order and dismissal for lack of subject-matter jurisdiction.

3. **Critical Procedural Facts:**

   - The case status is "Inactive/Pending" in Collin County;

- The Fifth Court of Appeals has exclusive jurisdiction;
- Automatic stay under TRAP 25.1(g) is in effect;
- The trial court lacks authority to proceed.

## III. VOID CHARGING INSTRUMENT AND CONSTITUTIONAL DEFECTS

### A. The Unsworn, Void Probable Cause Affidavit

4. The State Criminal Case rests upon **Arrest Warrant No. 429-11182025-32**, predicated upon a **Probable Cause Affidavit** purportedly sworn before **Keith Hicks**, identified as a "Peace Officer."

5. **Fatal Defect:** Keith Hicks is not authorized under Texas Government Code § 602.002 to administer oaths. TCOLE database verification confirms he is **not a commissioned peace officer**. He is not registered as a notary public with the Texas Secretary of State.

6. Under **Wheeler v. State**, 628 S.W.3d 844 (Tex. Crim. App. 2021), an affidavit procured without lawful oath is **void ab initio**, rendering the warrant a nullity and the arrest an unconstitutional Fourth Amendment seizure.

### B. The Warrant Was Never Docketed (Local Rule 7.01 Violation)

7. Under **Collin County Local Rule 7.01**, arrest warrants must be docketed in the 429th District Court, which allegedly issued the warrant. The warrant was **never docketed therefore no case number exists**, and **no return of service** from the Denton County Sheriff's Office has been filed.

8. Plaintiff requested the 429th District Court Clerk provide written confirmation that no case existed for the warrant; the Clerk **refused** and subsequently **blocked Plaintiff's email address** to avoid service. **Senior Visiting Judge Ray Wheless**, who allegedly signed the warrant, has also blocked Plaintiff's email address as Plaintiff has tried to obtain evidence and validation from Judge Wheless as to the authenticity of the documents and verify if Wheless did in fact sign the arrest warrant and signed the affidavit stating "probable causes established". Ray Wheless never responded to any of Plaintiff's emails requesting Discover and validation. Instead, Wheless blocked Plaintiff's email address to avoid answering Plaintiff's questions and to apparently engage in the coverup and protect the state and Melissa PD at the expense of Appellant's civil rights. The Melissa PD or 429th Collin County District Court have failed to produce the wet ink signed warrant or any supporting documents.

9. **Greg Willis**, listed as "attorney of record" for the State, has refused to enter an appearance or file a "Notice of Appearance" in the trial court. Greg Willis blocked Plaintiff's email address in mid February 2026, rendering service impossible and creating a due process void.

### C. Unconstitutional Statute (Owens v. State)

10. **Texas Penal Code § 42.07(a)(7)** was declared **unconstitutional as applied** by the Texas Court of Criminal Appeals in **Owens v. State**, No. PD-0075-24 (Tex. Crim. App. June 5, 2025)—**seven months before** the Information was filed on January 13, 2026.

11. The charged communications (concerning family welfare, legal matters, probate disputes, and service of process) constitute **protected speech** under the First Amendment and *Owens*, yet were weaponized as "harassment" to gain tactical advantage in parallel litigation.

### D. Brady Violations and Withheld Evidence

12. Despite **over a dozen written requests** to Detective Tupa and Melissa PD for the probable cause affidavit, the State **refused production** and only **after** the January 22, 2026 hearing, Judge Barnett Walker printed out the affidavit of probable cause and gave to Plaintiff—denying Plaintiff due process to challenge Keith Hicks's authority before testimony was taken.

13. Detective Tupa and the State continue to refuse production of complete investigative files, Keith Hicks employment records, and bodycam footage of Detective Tupa signing the warrant, showing Keith Hicks signing the warrant and Tupa presenting the warrant to Judge Ray Wheless and an oath being administered to Tupa. Plaintiff's counsel, Jon O'Tolle has also refused to make the state produce Keith Hicks TCOLE license number and employment information per Plaintiff's request to O'Toole.

**E. Delayed Investigation (Manufactured Case)**

14. The complaining witness filed an email harassment claim on **September 19, 2025**, yet Detective Tupa did not initiate investigation until **November 16, 2025** (two-month delay). Detective Tupa contacted Plaintiff to arrange an interview with Plaintiff for the following week. Plaintiff was never interviewed by Tupa therefore was denied due process. On 12-18-25, Plaintiff sent an email to Tupa asking about availability for the interview the next week. On 11-18-25, Tupa had sent an email to Plaintiff trying to defend the complaining party, Kaitlyn Wilcox, and the email was biased. Plaintiff responded back to Tupa and told Tupa she is obviously very biased, one-sided and must have a personal relationship of some sort with complaining witness. In the same email, Plaintiff reasserted Plaintiff's right to free speech and how the emails are protected speech under the First Amendment. Tupa quickly used her Microsoft Outlook account at the Melissa PD to quickly recall the email. Plaintiff used the previous email response for the email in his sent items box and replied to Tupa asking her why she recalled the email to create a forensic record and evidence. Tupa never responded or explained the email message recall. A forensic evaluation of the Melissa PD's network and email server will show the audit trail and metadata proving the email message recall. On 11-19-25, Tupa replied and informed Plaintiff the case has been closed and the file has been sent to the Collin County DA's office and to direct any questions to the DA's office. Called DA's office in early December 2025 and they claimed to have no file on me.

15. The arrest occurred December 11, 2025 in Denton County at the Denton County Probate Courthouse, but the Information was not filed until **January 13, 2026** (32 days post-arrest), coinciding with Plaintiff's challenge to a fraudulent will in Denton County probate proceedings—demonstrating the charge was manufactured for tactical advantage, not public safety.

## IV. RETALIATORY CONDUCT AND DUE PROCESS VIOLATIONS

**A. The January 2026 Ambush Hearing (Direct Retaliation for Federal Filing)**

16. On **January 14, 2026**, the State filed a Motion to Modify Bond Conditions. The motion sat **dormant for four days** without hearing notice and not being served upon Plaintiff.

17. On **January 20, 2026** (Morning), Plaintiff filed this **§ 1983 action** (Case 00071) and a state habeas corpus petition in Denton County District Court.

18. **Immediately** after federal filing—on the afternoon of January 21—the State notified Plaintiff's bondsman of a hearing for **January 22, 2026** at 8:30 AM. **Plaintiff was never served with the Motion or Notice of Hearing.** The bondsman received only **17 hours' notice**, violating Texas Rule of Civil Procedure 21(a)(1) (requiring 72 hours).

19. At the **January 22 ambush hearing**, Detective Tupa testified without subpoena, without oath, and without prior notice to Plaintiff. The Court modified bond conditions based on this unconstitutional testimony.

20. The **four-day delay** (Jan 16-20) followed by **17-hour acceleration** (Jan 20-22) proves **concrete retaliatory intent** under *Scheidler v. National Organization for Women*, 537 U.S. 393 (2003).

**B. The April 9, 2026 Competency Sham (Retaliation for § 1983 Appeal)**

21. On **April 9, 2026**, the trial court held a hearing deceptively labeled "Event - Other." Neither the Clerk nor court-appointed counsel Jon O'Toole disclosed that a competency evaluation would be ordered. Plaintiff, upon arrival at the Collin County Courthouse, went to the County Clerk's Ofgive to inquire what the hearing was about and who set it. Despite this being publicly available information, the clerk refused to provide any details to Plaintiff and just said "I can't provide that information". The clerk's response served as prima facie evidence of the coordinated ambush hearing, violation of due process and coordination with the State, Counsel and the court to not provide any information to Plaintiff.

22. At the **morning hearing**, Judge Walker **orally ordered** Plaintiff to undergo a psychiatric competency evaluation. This order was entered **without** the statutorily required motion under **Article 46B.004, CCP; without evidentiary** basis; and **without** statutory authority—rendering it **void** *ab initio*. **Plaintiff was never provided a copy of this order.**

23. **Later that same day**, Plaintiff filed a **Notice of Interlocutory Appeal** with the Fifth Court of Appeals, triggering an automatic stay under **TRAP 25.1(g)**.

24. That **evening**, O'Toole sent an email **willfully violating the stay** by directing Plaintiff to schedule the now-stayed evaluation "as soon as possible" with the provider information contained in the email—attempting to enforce a void order while appellate jurisdiction was vested.

25. On **April 12, 2026**, O'Toole sent a second email attempting to induce Plaintiff to appear at an April 23 trial court hearing despite the automatic stay and "Inactive/Pending" case status—an attempted waiver of appellate rights and attempts to trap Appellant to attend the hearing so the State could claim waiver and acceptance of jurisdiction thus making Appellant's appeal mute and taking away Plaintiff's rights to pursue this 1983 case.

**V. SYSTEMATIC SPOLIATION OF EVIDENCE: THE TYLER ODYSSEY SYSTEM**

26. The State has engaged in **three instances of documented record tampering** within the **Tyler Technology Odyssey electronic filing system** to conceal constitutional violations and destroy appellate evidence:

**Instance #1: January 22, 2026 (Bond Modification Hearing)**

- **What Occurred:** Hearing held; Detective Tupa testified; bond modified.

- **Current Status:** Entry changed to **"Cancelled: Court"** with comment "bond modification hearing."

- **Evidence of Truth:** Plaintiff personally attended; Tupa testified; ruling entered establishing new bond conditions on Plaintiff despite Plaintiff being on bond with no conditions for 40+ days with no conditions other tjem to check-in weekly online. .

- **Purpose:** Conceals unconstitutional ambush hearing and lack of proper notice/subpoena.

**Instance #2: March 19, 2026 (Initial Appearance - Constitutional Milestone)**

- **What Occurred:** "1st Appearance" hearing held at approximately 8:45-9:00 AM; Judge Walker appointed Jon O'Toole against Plaintiff's wishes (who sought to proceed pro se); hearing reset to April 23; Plaintiff objected to jurisdiction. Judge Walker tried to scare Plaintiff into believing his

numerous court filings are putting him in jeopardy and he needs counsel to help him. Plaintiff did not have confidence in the judge's statement as Plaintiff immediately knew O'Toole was being ordered to represent me to gather intelligence from Plaintiff and to protect the State, City of Melissa and court ecosystem and keep me arguing and pursuing the jurisdictional defect. Plaintiff's court filings were being filed to establish and build a record for appeal. Plaintiff knew the court had no jurisdiction to rule on any collateral matters and must take up dispositive motions first. Court refused to take up Plaintiff's motions concerning lack of special jurisdiction and would change the subject on Plaintiff or try to silence Plaintiff so Plaintiff couldn't get the truth on the record for appellate review.

- **Current Status: ENTRY COMPLETELY DELETED** from Tyler Odyssey system. Chronological docket jumps from pre-March 19 entries directly to April 02 thru 4-7-26 when Plaintiff made filings to become part of the record for appellate review and motions to ask the court for dispositive relief. 4-8-26 shows the court entering an order to appoint counsel to Plaintiff when counsel was actually appointed on 3-19-26. No hearing appears on 4-8-26 to show the court held a hearing to appoint counsel to Plaintiff.

- **Evidence of Truth:** Official Collin County Indigent Defense Notice dated **March 19, 2026,** stamped "Appointment Date: 03/19/2026."

- **Purpose:** Destroys evidence of when counsel actually appointed; conceals denial of right to self-representation; hides April 23 setting (replaced by April 9 ambush); destroys chain of custody for counsel appointment.

### Instance #3: April 8, 2026 (Back-Dated Fabrication)

- **What Occurred:** No hearing occurred on April 8 regarding appointment.

- **Current Status:** Entry shows **"TFDA - Order for Court Appointed Attorney"** dated April 8, **2026**—a 20-day falsification.

- **Evidence:** The March 19 Indigent Defense letter proves the true appointment date.

- **Purpose:** Creates false appearance O'Toole appointed "fresh" for April 9 competency hearing; conceals three-week preparation period for coordinated ambush.

### Instance #4: April 9, 2026 (Competency Hearing)

- **What Occurred:** Hearing held; void competency order entered without motion.

- **Current Status:** Changed to **"Cancelled: Court."**

- **Purpose:** Conceals void competency order (no Art. 46B.004 motion); hides retaliation for § 1983 filing; conceals O'Toole's constructive abandonment (standing silent).

### 27. Forensic Significance of Tyler Odyssey Tampering:

- The deleted and falsified entries are **themselves evidence** of a conspiracy to obstruct justice;

- **User access logs, IP addresses, timestamps**, and **admin credentials** showing who deleted the March 19 entry and created the April 8 back-date constitute **primary evidence** under Texas Rule of Civil Procedure 192.3;

- Plaintiff has demanded **forensic imaging** of the Tyler Odyssey system to preserve audit trails showing intentional tampering versus "clerical error."

**28. Criminal Conduct:** These acts constitute:

- **Texas Penal Code § 37.10(a)(1)** ( knowingly making false entries in governmental records—third-degree felony);

- **Texas Penal Code § 37.09** (tampering with evidence);

- **18 U.S.C. § 1519** (destruction of records during federal proceedings—Sarbanes-Oxley Act violation).

## VI. CONSTRUCTIVE ABANDONMENT BY COURT-APPOINTED COUNSEL

29. Jon O'Toole has engaged in **ineffective assistance** and **conflict of interest** by:

- Failing to notify Plaintiff of the April 9 competency hearing (ambush);

- Standing **completely silent** while the void competency order was entered without motion or evidence;

- Refusing to file meritorious Motion to Dismiss and Motion to Quash Information based on void and defective affidavit of probable cause and warrant (stating it would be "useless");

- Attempting to enforce the stayed competency order via email;

- Participating in proceedings while knowing the record was falsified (March 19 deletion/April 8 back-dating).

## VII. IMPACT ON FEDERAL PROCEEDINGS

30. The State's conduct demonstrates **bad faith harassment** that invokes the **Dombrowski v. Pfister**, 380 U.S. 479 (1965) exception to abstention. When state proceedings are "employed as instruments of bad faith harassment to defeat federal jurisdiction," federal courts may intervene.

31. Under **Mitchum v. Foster**, 407 U.S. 225 (1972), the Anti-Injunction Act does not preclude federal injunctions against state proceedings brought to "harass" federal plaintiffs.

32. The State Criminal Court's refusal to dismiss for lack of special jurisdiction—combined with retaliatory competency orders, ambush hearings, systematic record destruction, and attempted stay violations—demonstrates the state proceeding is a **sham operation** designed solely to shield Defendants from § 1983 liability.

## VIII. REQUEST FOR LIMITED RELIEF

33. While respecting the administrative closure, Plaintiff requests:

**A. Judicial Notice** under FRE 201 of:

- The void affidavit, undocketed arrest warrant as required by Collin County Courts Local Rule 7.01 and unconstitutional arrest and detainment.

- Violation of Plaintiff's 1st, 4th, 5th, 6th and 14th Amendment rights under the US Constitution.

- The Tyler Odyssey record tampering and spoliation pattern;

- The retaliatory conduct following federal 1983 suit filing and habeas corpus filing.

- The ghost lawyering by Willis's office.

**B. Preservation Order** directing Defendants to:

- Preserve all Tyler Odyssey **audit logs, user access records, IP logs**, and **system metadata** for Cause No. 002-80558-2026;

- Preserve the March 19, 2026 audio recording and all related electronic data;

- Produce Keith Hicks employment records and warrant documentation;

- Maintain litigation hold pending federal reopening.

## IX. EXPECTED NEXT STEPS

34. The Fifth Court of Appeals will resolve the interlocutory appeal within 90-180 days.

35. If the criminal case is **dismissed** (as mandated by *Wheeler* and the void warrant), Plaintiff will immediately move to reopen this § 1983 action.

36. If the State attempts to violate the automatic stay or proceed to trial on void process, Plaintiff will seek emergency federal intervention.

37. Plaintiff plans to file a "Motion for Leave of Court to Amend Complaint and Add Additional Parties" after filing "Motion to Reopen" once 5th COA has ruled on Plaintiff's appeal. Or prior to COA's ruling should the State or trial court violate the trial court's stay, contempt the COA's jurisdiction or orders and/or commit further acts of obstruction or destruction of evidence. These exceptions would allow Plaintiff to file a "Motion to Reopen" and ask this court to combine this 1983 action and the Collin County Court #2 Information case into one proceeding which the Federal District Court will retain jurisdiction over both cases.

## X. CONCLUSION

38. The State has transformed a routine criminal case into a **federal constitutional crisis through** void process, US Constitutional rights violations, failure to follow the black letter of law, conflicts of interest, violations and blocking of due process, record tampering, and retaliation. The 90-day reporting mechanism has documented a **concerted plan** to obstruct federal jurisdiction through technical sabotage of the **Tyler Odyssey system, failure to follow the black letter of the law, failure to adhere to the Texas Rules of Criminal Procedure, Texas Rules of Civil Procedure(when applicable) and the Texas Rules of Evidence, ineffective representation of Plaintiff by court appointed counsel, judicial threats from the bench by Judge Barnett Walker designed to intimidate Plaintiff and gaslight Plaintiff and procedural ambushes.**

39. The next status update will be due **July 21, 2026**.

Respectfully submitted,

**Date:** April 15, 2026

**Bradley James Wilcox,** *Pro Se*
3104 Renaissance Drive
Denton, Texas 76207
(972) 741-4388
bkw3@prodigy.net

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, a true and correct copy of this Status Update was emailed to all parties listed in original complaint and upon all Defendants who will be added as Defendants once case is reopened.

I hereby further certify that on April 15, 2026, I electronically served the foregoing "REQUIRED 90-DAY STATUS UPDATE-COMPREHENSIVE REPORT ON STATE CRIMINAL PROCEEDINGS, SYSTEMATIC RECORD SPOLIATION, AND RETALIATORY CONDUCT" upon Defendants Greg Willis, Paige Test, Hon. Ray Wheless, Sheriff Jim Skinner, and Brandi Roberson via the Texas iDocket electronic service system (Serve Only) after Defendants blocked my email addresses (returned "Administrative prohibition: Envelope blocked").

I further certify that this filing is being delivered in person to the Clerk of the United States District Court for the Eastern District of Texas, Sherman Division, on the 16th day of April, 2026.

Bradley James Wilcox