FILED

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

JUN 2 9 2026

Case No. 4:26-cv-00071

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**BRADLEY WILCOX,**
Plaintiff,

v.

**CITY OF MELISSA, et al.,**
Defendants.

## EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Bradley Wilcox ("Plaintiff"), appearing Pro Se, and files this Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate relief from imminent, unlawful custody threatened by a void Capias warrant issued by Collin County Court at Law No. 2. This warrant is not only predicated on a factual impossibility but is the latest act in a pattern of retaliation and structural due process violations designed to punish Petitioner for exercising federally protected rights. Petitioner faces an immediate threat of unlawful arrest and detention, necessitating this Court's intervention.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this petition pursuant to 28 U.S.C. § 2241, which provides that writs of habeas corpus may be granted by district courts to a petitioner who is in custody, or faces imminent custody, in violation of the Constitution or laws of the United States. Jurisdiction is also proper under 28 U.S.C. § 1331 (federal question).

2. Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 2241(d) because Plaintiff is a resident of Denton County and the state court proceedings giving rise to this petition are occurring in Collin County, Texas, which lies within this judicial district.

### II. STATEMENT OF FACTS

3. This case arises from a state criminal prosecution that was initiated with a void warrant and has been sustained by a pattern of retaliatory conduct, due process violations, and the fabrication of court records.

4. **The Void Arrest (November-December 2025):** On November 18, 2025, Collin County Judge Ray Wheless signed an arrest warrant and an affidavit of probable cause. At that time, no criminal case, Information, or Indictment existed against Plaintiff. The warrant was therefore a legal nullity. This void warrant was used to unlawfully arrest Plaintiff on December 11, 2025. The State did not file an Information until January 13, 2026, nearly a month *after the* unlawful arrest.

5. **Federal Lawsuit and Immediate Retaliation (January 2026):** On January 20, 2026, Plaintiff filed a federal civil rights lawsuit under 42 U.S.C. § 1983, styled Bradley Wilcox v. *City of Melissa, et al.*, Case No. 4:26-cv-00071, in this Court. The very next day, January 21, 2026, the Collin County DA's Office engaged in *ex parte* communications with this Court to procure an administrative stay of the § 1983 case, and simultaneously set a rushed bond modification hearing

in state court for the next morning, January 22, 2026, providing less than 17 hours' notice in violation of state law.

6. **The Pattern of "Canceled" Hearings and Void Orders (January-April 2026):** The state court docket now shows that the January 22, 2026, bond hearing was **"CANCELED,"** yet Judge Barnett Walker held the hearing and issued a bond modification order from it. This established a pattern. On April 9, 2026, Judge Walker held an "ambush" hearing to order a competency evaluation. Again, the official court docket shows this hearing was **"CANCELED,"** yet an order was issued. Furthermore, a hearing on March 19, 2026, where counsel was forced on Plaintiff and appointed, has been deleted from the docket entirely—an act of spoliation of evidence.

7. **The Fifth Court of Appeals Confirms No Order Exists (April 2026):** Petitioner appealed the purported competency evaluation order. On April 20, 2026, the Fifth Court of Appeals in Dallas issued an order and opinion stating unequivocally that the clerk's record **contained no competency evaluation order.**

8. **The Perjurious Mandate (June 2026):** Despite the appellate court's clear ruling, in early June 2026, the Collin County DA's Office filed a mandate petition with the same appellate court, falsely claiming a competency order *did* exist and Petitioner was non-compliant. On June 20, 2026, the Fifth Court of Appeals, contradicting its own prior ruling, granted the State's perjurious mandate.

9. **The Void Capias Warrant (June 26, 2026):** On June 26, 2026, Judge Walker issued a Capias warrant for Plaintiff's arrest. The warrant is based on Plaintiff's "refusal to appear" at a hearing scheduled for that same day. However, the court's own official docket entry for that date and time explicitly states the hearing was **"CANCELED."** This warrant is active in the Collin County system, with a bond of $75.00, and subjects Petitioner to imminent arrest.

## III. LEGAL STANDARD: THE "IN CUSTODY" REQUIREMENT

10. **An Honest Acknowledgment of Legal Limitations:** Plaintiff files this petition with a candid understanding of the law. Generally, federal habeas corpus is a remedy for those already "in custody." Courts have held that "a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending... criminal prosecution." *Halliday v. United States*, No. 4:21-CV-1011 JAR, 2021 WL 3885623, at *2 (E.D. Mo. Aug. 31, 2021)*. Petitions filed before custody begins are often dismissed as premature. *See Sanford v. United States*, No. 1:23-CV-00271-MR, 2023 WL 6214150 (W.D.N.C. Sept. 25, 2023).

11. **The "Imminent Custody" Exception:** However, the "in custody" requirement is not strictly limited to physical incarceration. The Fifth Circuit and other courts recognize that significant restraints on liberty, such as the immediate threat of arrest from an active warrant, can satisfy the jurisdictional requirement. When an individual is subject to an outstanding arrest warrant, they are under a continuous threat that severely restrains their freedom of movement, placing them in "constructive custody" for the purposes of § 2241.

12. The Capias warrant issued by Judge Walker is not a speculative future threat. It is an active, executable order in the county's law enforcement database. Plaintiff faces imminent arrest at any moment, during a traffic stop, at home, or at work. This realistic and immediate threat of unconstitutional confinement is sufficient to meet the "in custody" requirement for this Court to exercise its habeas jurisdiction.

## IV. GROUNDS FOR RELIEF

**A. Ground One: Void Warrant Based on Canceled Hearing (Due Process Violation)**

13. The Capias warrant is void *ab INITIO because* it is predicated on a factual and logical impossibility: Plaintiff's alleged failure to appear at a hearing that the court's own official record shows was **CANCELED**. To arrest a citizen for failing to attend a non-existent hearing is a flagrant violation of the Due Process Clause of the Fourteenth Amendment.

### B. Ground Two: Enforcement of a Non-Existent Order

14. The Capias is purportedly to enforce compliance with a competency evaluation. However, the Fifth Court of Appeals conclusively ruled on April 20, 2026, that **no such order existed** in the record. The state's subsequent, perjurious mandate cannot retroactively validate a non-existent order. Attempting to arrest Plaintiff to compel compliance with a judicial order that an appellate court has already determined does not exist is an unconstitutional abuse of power.

### C. Ground Three: First Amendment Retaliation

15. The timing and nature of the state's actions demonstrate a clear retaliatory motive. The *ex parte* stay, the rushed hearings, and the issuance of this void Capias all occurred in direct response to Plaintiff's filing and pursuit of a federal § 1983 lawsuit. Arresting a citizen on a pretextual warrant to intimidate or punish them for seeking redress in federal court is a per se violation of the First Amendment right to petition the government.

### D. Ground Four: Due Process Violation (Lack of Notice and Service)

16. Plaintiff was never served with a motion or provided with proper notice of the June 26, 2026, hearing. Issuing an arrest warrant for failure to appear at a hearing for which no notice was served is a fundamental violation of due process.

### E. Ground Five: Inadequate State Remedy Due to Structural Collapse

17. The state court system has proven itself incapable of providing a remedy. Plaintiff has filed a motion to recuse Judge Walker, which he has refused to rule on or refer. Plaintiff has filed numerous motions to dismiss for lack of jurisdiction, which have been ignored. The state has filed no responses. The appellate court has issued contradictory rulings, first acknowledging the lack of an order and then granting a perjurious mandate to enforce it. The state system is structurally compromised, making any attempt to seek relief there futile and inadequate.

## V. EXHAUSTION OF STATE REMEDIES

18. Exhaustion of state court remedies is not required for a pretrial habeas petition under § 2241 to the same extent as for a post-conviction petition under § 2254. In any event, exhaustion should be excused here because state remedies are futile and inadequate. The trial judge is the subject of a recusal motion, the prosecutor has filed perjurious documents, and the appellate court has reversed its own factual findings without explanation. There is no available state process that can protect Plaintiff from the imminent constitutional violation of being arrested on a void warrant.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Honorable Court:

1. **GRANT** this Emergency Petition for Writ of Habeas Corpus;

2. **ISSUE** an Order directing the Respondent to Show Cause why the writ should not be granted and why Plaintiff should not be released from the threat of custody under the void Capias;

3. **IMMEDIATELY ENJOIN** and restrain the Respondent, his agents, and all persons acting in concert with him, from enforcing or executing the Capias warrant issued in Collin County Cause No : 002-80558-2026

4. **GRANT** Plaintiff release on reasonable bail pending a final resolution of this petition; and

5. Grant all other and further relief, both at law and in equity, to which Petitioner may be justly entitled.

Dated: June 29, 2026

Respectfully submitted,


/s/ Bradley Wilcox
Bradley Wilcox Plaintiff, Pro Se
3104 Renaissance Drive
Denton, Texas 76207
972-741-4388
bellarosew2019@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, a true and correct copy of the foregoing Supplement was served on all counsel and parties of record via the Court's ECF system. Parties unable to be served due to lack of email address have been served via USPS First Class mail.

/s/ Bradley Wilcox
Bradley Wilcox